RECEIVED
IN ALEXANDRIA, LA.

JUL 1 0 2009

TONY R. MOORE, CLERK
BY_____
        DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| NATURAL GAS PIPELINE COMPANY OF AMERICA, LLC | : | DOCKET NO. 09-724 |
| VS. | : | JUDGE TRIMBLE |
| 3.39 ACRES OF LAND, MORE OR LESS, IN CAMERON PARISH, LOUISIANA, ET AL | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Before the Court is a "Motion to Confirm Right to Condemn and for Immediate Possession" (doc. #11) filed by plaintiff, Natural Gas Pipeline of America, LLC ("NGPL") wherein the mover seeks to have this Court issue a judgment recognizing NGPL's right to condemn the Right-of-Way Servitude, and enter a preliminary injunction placing NGPL into immediate possession of these property rights. In addition to filing an opposition to the motion, Defendants have filed a "Motion to Dismiss or Stay Proceedings and Compel Arbitration" (doc. #25). NGPL subsequently filed a "Motion to Strike Defendants' Amended Answer and Defendants' Motion to Dismiss or Stay Proceedings and Compel Arbitration" (doc. #38) which is also before the Court.

## FACTUAL STATEMENT

NGPL has filed the instant action against defendants, Enbridge Offshore Pipelines, LLC ("Enbridge") and Transcontinental Gas Pipe Lines Company, LLC ("Transco") (collectively referred to as "Defendants"). Defendants are record owners of a leasehold interest in certain immovable property located in Cameron Parish, Louisiana. Pursuant to the Natural Gas Act, 15 U.S.C. §§ 717, *et seq.*, a Blanket Certificate of Public Convenience and Necessity was issued to NGPL by the

Federal Energy Regulatory Commission ("FERC"). To receive permission to construct and operate an interconnection at a specific location (the "Project), and pursuant to NGPL's Blanket Certificate, NGPL filed a Request Under Blanket Authorization ("Request") with FERC on January 22, 2009. NGPL submits that the Request was filed in accordance with the requirements of 18 CFR § 157.205. FERC published NGPL's Notice in the Federal Register on January 29, 2009 ("Prior Notice Filing"). NGPL asserts that according to the terms of the Prior Notice Filing, any person or the FERC staff may, within 60 days after issuance of the required Notice by FERC, file a protest to the request. NGPL asserts that because no protest was filed by any person or FERC staff, it has a right to condemn the property or site location and obtain immediate possession.

18 CFR § 157.205 provides the following relevant provisions:

> (d) *Publication of notice of request.* (1) Unless the request has been rejected pursuant to paragraph (c) of this section, the Secretary of the Commission shall issue a notice of the request within 10 days of the date of the filing, which will then be published in the FEDERAL REGISTER. The notice shall designate a deadline for filing protests, or interventions to the request. The deadline shall be 60 days after the date of issuance for the notice of the request.
>
> (e) *Protests.* (1) Any person or the Commission's staff may a [sic] protest prior to the deadline. Copies of the protest must be served on the Secretary of the Commission and the certificate holder.
>
> \* \* \*
>
> (f) *Effect of protest.* If a protest is filed in accordance with paragraph (e) of this section, then the certificate holder, the person who filed the protest, any intervenors, and staff shall have 30 days from the deadline determined in accordance with paragraph (d) of this section to resolve the protest, and to file a withdrawal of the protest pursuant to paragraph (g) of this section. Informal settlement conferences may be convened by the Director of the Office of Energy Projects or his designee. If a protest is not withdrawn or dismissed pursuant to paragraph (g) of this section, the activity shall not be deemed authorized by the blanket certificate. Instead, the request filed by the certificate holder shall be treated as an application for section 7 authorization for the particular activity. The FEDERAL REGISTER notice of the request shall be deemed to be notice of the section 7 application sufficient to fulfill the notice requirement of § 157.9 and 157.10.
>
> \* \* \*

(h) *Final authorization.* (1) If no protest is filed within the time allowed by the Secretary, the certificate holder is authorized to conduct the activity under its blanket certificate, effective on the day after time expires for filing protests and interventions unless, during that time, the certificate holder withdraws its application in accordance § 385.216 of this chapter.

NGPL asserts that it has negotiated in good faith with Defendants in an attempt to amicably purchase a right-of-way servitude crossing the Defendants' leasehold interest in the property necessary to construct, operate, and maintain the Project, but has been unable to reach an agreement with Defendants. Thus, NGPL moves this Court for an Order pursuant to Federal Rule of Civil Procedure 71.1 and 65(a), confirming its right to condemn, and for preliminary immediate possession of the necessary pipeline Right-of-Way Servitude on the Defendants' leasehold interest.

## LAW AND ANALYSIS

*Motion to compel arbitration*

Defendants have filed a motion to compel arbitration pursuant to an arbitration provision of the Interconnect Agreement,[1] between NGPL and Transco. NGPL asserts that the Defendants waived their right to arbitrate by not including the defense in their original answer and or by not asserting it timely. NGPL further argues that (1) arbitration is not available to Defendants because Rule 71.1 declares that only federal courts shall try condemnation actions, (2) the decision to require arbitration rests exclusively within the jurisdiction of FERC, and (3) the Interconnect Agreement is irrelevant to this dispute.

NGPL has filed a motion to strike from the record, Defendants' amended answer[2] and motion

---

[1] Defendants' exhibit 1.

[2] Doc. #24.

to stay proceeding and compel arbitration.[3] NGPL contends that the plain language of Rule 71.1(e)(2) & (3) of the Federal Rules of Civil Procedure bars these filings. NGPL cites two cases[4] wherein the district judge in each case struck the amended answer reasoning that there was no authority for a supplemental answer in a condemnation proceeding under Rule 71A(e).[5]

Defendants contend that there are no prohibitions in Rule 71.1 from filing an amended answer. Defendants buttress their position with the Advisory Committee Notes to the Rule which expressly states that subdivision (e) simply requires that "all defenses and objections to be present in an answer and does not authorize a preliminary motion."[6] The Advisory Committee Notes to subdivision (f) further state:

> **Note to Subdivision (f).** Due to the number of persons who may be interested in the property to be condemned, there is a likelihood that the plaintiff will need to amend his complaint, perhaps many times, to add new parties or state new issues. This subdivision recognizes that fact and does not burden the court with applications by the plaintiff for leave to amend. **At the same time all defendants are adequately protected; and their need to amend the answer is adequately protected by Rule 15, which is applicable by virtue of subdivision (a) of this Rule 71A.**(emphasis added)

Rule 15 of the Federal Rules of Civil Procedure provides that a party may amend its pleading once as a matter of course before being served with a responsive pleading and within 20 days after

---

[3] Doc. #25.

[4] *U.S. v. Avigation Easement Over 40 Acres of Land, More or Less, Anchorage, Territory of Alaska,* 140 F.Supp. 289, 233 (D. Alaska Terr. 3 Div. 1956) and *U.S. v. 387.30 Acres of Land, More or Less, in Dakota and Thurston Counties, State of Nebraska,* 319 F.Supp. 128, (D.C. Neb. 1970).

[5] Fed. Rule of Civ. P. 71A was redesignated as Rule 71.1 to conform to the designations used for all rules added with the original numbering system. 2007 Amendments.

[6] Emphasis added.

4

serving the pleading if a responsive pleading is not allowed and the action is not yet on the trial calendar; parties may also amend with the opposing party's written consent or the court's leave which should freely given when justice so requires.

To further support their argument, Defendants cite *United States v. 45.43 Acres of Land Situated in Ada Cty., Idaho,*[7] and *United States v. 729.773 Acres of Land, More or Less, Situated in the City and Cty of Honolulu, Hawaii,*[8] wherein the courts held that the notea to Rule 71A(f) by the Advisory Committee expressly recognizes a defendant's ability to amend an answer in accordance with Federal Rule of Civil Procedure Rule 15.[9]

The Court rejects the rulings followed by the cases cited by NGPL and instead will follow the Committee Advisory Notes and the cases cited by Defendants in concluding that Defendants are allowed to amend their answer in accordance with Rule 15, which they have properly done. Thus, the motion to strike the amended answer and defendants' motion to dismiss or stay proceedings and compel arbitration will be denied.

Article I of the Interconnect Agreement provides in pertinent part the following:

### **FACILITIES AND GENERAL PROVISIONS FOR CONSTRUCTION**

A. In order to establish the requested interconnection between the Southwest Louisiana Lateral and Operator's pipeline that would allow for the delivery of gas to the Southwest Louisiana Lateral, (i) Transco shall design, purchase, construct, own, operate and maintain certain facilities as may be required in Transco's sole opinion (hereinafter collectively referred to as "Transco's Facilities") and (ii) Operator shall design, purchase, construct, own operate and

---

[7] 2009 WL 1605127 (D. Idaho 2009).

[8] 531 F.Supp. 967 (D. Hawaii 1982).

[9] See also Wright, Miller & Marcus, <u>Federal Practice and Procedure: Civil 2d,</u> § 3049, p. 221 allowing amendment under Rule 15.

5

maintain associated facilities (hereinafter collectively referred to as "Operator's Facilities"). Each Party shall present the other Party with the design of their respective facilities prior to construction of such facilities. As further described herein, the design of each Party's respective facilities shall meet the other Party's design standards or such other design standards as may be mutually agreed to by the Parties prior to beginning construction. The attached Exhibit "A," hereby made part of this Agreement, sets forth a detailed description of Transco's Facilities and Operator's Facilities and the location of such facilities. Transco's Facilities and Operator's Facilities shall hereinafter be collectively referred to as the "Interconnection."

Exhibit A attached to the Interconnect Agreement obligates NGPL to acquire a "mutually agreeable site" for its facilities and prior to acquiring the site to "obtain concurrence from Transco."[10] Article VIII (K) of the Interconnect Agreement, entitled "Dispute Resolution," states: "Exhibit 'C' hereto shall apply to any dispute arising under or related to this Agreement."[11]

NGPL maintains that arbitration is not available to Defendants because pursuant to Rule 71.1, only the federal district court can try condemnation actions. NGPL cites no authority for its position and we find no merit to this argument. The Federal Arbitration Act ("FAA"), 9 U.S.C.A. § 2, provides:

> A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

The United States Supreme Court has held that the FAA is intended to reach the limits of

---

[10] Article I(B)(1) of Exhibit A.

[11] Defendant's exhibit 1, p. 19, ¶ K.

Congressional authority under the Commerce Clause.[12] Defendants argue and the Court agrees that the Interconnect Agreement between the two interstate natural gas pipelines, both regulated pursuant to the Natural Gas Act, is clearly a contract involving and affecting interstate commerce which falls within the ambit of the FAA.

NGPL maintains that the decision to arbitrate rests exclusively within the jurisdiction of FERC and the Interconnect Agreement is irrelevant to the dispute. Again, NGPL cites no authority for its position. Defendants maintain that the demand for arbitration does not impinge upon FERC jurisdiction. Defendants cite *North Carolina Eastern Municipal Power Agency v. Carolina Power & Light Co.*,[13] wherein the Court dismissed the complaint and held that the dispute between the parties was subject to arbitration because of an arbitration clause contained in the parties' contract.

In *Enron Corp. v. Public Utility District No. 1 of Snohomish Cty.*,[14] the court noting the federal policy favoring arbitration and that the particular contractual issue before the court did not require FERC's experts, the Court held that it was within the competence of the Court to determine whether the right to arbitrate had been waived. In so doing, the Court opined:

> . . . **only** rate issues within FERC's exclusive jurisdiction that implicate its area of expertise and its enforcement authority are not arbitrable. . . . Thus, an issue would not be arbitrable if it relates to FERC's independent responsibility, as a regulatory body to protect the public interest by enforcing filed-rate schedules. . . .

---

[12] *Allied-Bruce Terminix Companies, Inc. v. Dobson*, 513 U.S. 265, 273-274, 115 S.Ct. 834 (1995).

[13] 45 FERC 61,487 (1988); *aff'd*, 46 FERC 61,181 (2/22/89)(distinguising *Duke Power Co., v. FERC*, 864 F.2d 823 (D.C. Cir. 1989) which held that the Commission has continuing regulatory jurisdiction over rates charged under an agreement because it involved a filed rate schedule and therefore the assistance of an arbitrator was neither required nor necessary to interpret the rate schedule), *appeal dismissed*, 899 F.2d 1236 (D.C. Cir. 1990).

[14] 364 B.R. 489 (Bkrtcy. S.D. N. Y. 2007).

However, when a state law contract issue is before FERC and the issue does not implicate FERC's exclusive jurisdiction, FERC must consider the applicability of the arbitration clause and any defenses thereto.

Defendants argue that the only issue before the Court is the site location of the interconnection which does not impinge upon FERC's jurisdiction or violate any FERC order. Furthermore, they argue that the Interconnect Agreement expressly provides a means for resolving the dispute by the arbitration clause. We agree. The subject of the Interconnect Agreement is to design and construct an interconnection in a location that is mutually agreeable to the parties. In the event that there is any dispute arising under or related to the Interconnect Agreement, the parties are obligated to resolve said dispute by dispute resolution[15] which includes arbitration. The Court concludes that we have the right to decide if this matter is subject to arbitration.

Finally, NGPL maintains that Defendants waived their right to arbitration by invoking and substantially participating in the judicial process without raising the issue of arbitration citing *Republic Ins. Co. v. PAICO Receivables, LLC*,[16] and *Subway Equip. Leasing Corp. v. Forte.*[17] NGPL submits that Defendants participated in negotiations and discussions regarding the litigation with NGPL and participated in status conferences with this Court without raising the issue of arbitration. NGPL further argues that Defendants have no excuse for failing to assert their arbitration

---

[15] Defendants' exhibit 1, See Exhibit C attached to the Interconnect Agreement entitled Dispute Resolution.

[16] 383 F.3d 341, 344 (5th Cir. 2004)(a party waives its right to arbitration when it invokes the judicial machinery to "the detriment or prejudice of the other party."

[17] 169 F.3d 324, 327 (5th Cir. 1999)(quoting *Doctor's Assocs. v. Distajo*, 107 F.3d 126, 134 (2nd Cir. 1997))(omission in original)( for purpose of a waiver of an arbitration agreement, prejudice refers to the inherent unfairness in terms of delay expense, or damage to a party's legal position that occurs when the party's opponent forces it to litigate an issue and later seeks to arbitrate that same issue).

earlier and that further delay of the project would be prejudicial.

There is a strong federal policy favoring arbitration, however, that right to arbitration may be waived.[18] A "waiver will be found when the party seeking arbitration substantially invokes the judicial process to the detriment or prejudice of the other party."[19] "Waiver of arbitration is not a favored finding, and there is a presumption against it."[20] Waiver is ordinarily the knowing and voluntary relinquishment of a known right.[21] "It is well established that where a party asserts the right to demand arbitration during pretrial proceedings, the party later opposing a motion to compel arbitration necessarily bears a heavy burden in showing waiver."[22] Any doubts "concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay or a like defense to arbitrability."[23]

Defendants cite several cases which held that a party had not waived their right to arbitration even after invoking the judicial process. In *Keytrade USA, Inc. v. AIN Temouchent M/V in rem*,[24]

---

[18] *Price v. Drexel Burnham Lambert, Inc.*, 791 F.2d 1156, 1158 (5th Cir. 1986).

[19] *Id.* (brackets, internal quotation marks omitted).

[20] *Miller Brewing Co. v. Fort Worth Distributing Co.*, 781 F.2d 494, 496 (5th Cir. 1986).

[21] See *United Sates v. Olano*, 507 U.S. 725, 733, 113 S.Ct. 1770 (1993); See also *Texaco Exploration & Prod. Co. v. AmClyde Engineered Prods. Co.*, 243 F.3d 906, 912 (5th Cir. 2001)(a waiver requires the waiving party to demonstrate a *desire* to resolve the arbitrable dispute through litigation *rather* than arbitration).

[22] *Price*, 791 F.2d at 1161.

[23] *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.* 460 U.S. 1, 25, 103 S.Ct. 927, 942 (1983).

[24] 404 F.3d 891 (5th Cir. 2005).

the Fifth Circuit held that a party did not waive arbitration by filing a motion for summary judgment from a defensive posture concurrently with a motion to compel arbitration, or by complying with a request for discovery. In *Tristar Financial Ins. Agency v. Equicredit Corp. Of America*,[25] the court held that a party had not waived their right to arbitration even after they threatened litigation, filed motions in the district court action, conducted discovery, and waited eight months to file a motion to compel arbitration. In *Walker v. J.C. Bradford & Co.*,[26] the court held that a party had not waived its right to arbitration even though it waited 13 months after suit was filed to request arbitration, participated in limited discovery and answered the complaint. The court reasoned that defendant's actions in federal court were not so substantial as to mandate that the court overcome the legal presumption that parties who contract for arbitration should be allowed to arbitrate, and furthermore, the plaintiffs did not establish that defendant's delay materially prejudiced them.

Defendants submit that Transco's and Enbridge's counsel only became aware of the Interconnect Agreement a few days before the scheduled hearing[27] on NGPL's Motion. NGPL filed suit on May 4, 2009. Defendants filed an answer on May 28, 2009 and an amended answer which asserted their defense of arbitration as well as a motion to compel arbitration on June 9, 2009. The Court finds that NGPL has not carried its heavy burden of showing a waiver. Even though Defendants participated to a certain degree in negotiations, which is arguable, it was NGPL who invoked the judicial process which necessarily caused Defendants to file responsive pleadings. The

---

[25] 97 Fed.Appx. 462, 2004 WL 838633 (5th Cir. 2004).

[26] 938 F.2d 575 (5th Cir. 1991).

[27] Pursuant to a motion to expedite the consideration of the motion to confirm the right to condemn filed by NGPL on May 19, 2009, the court scheduled the hearing for June 9, 2009 (doc. #13) and then reset the hearing for June 10. 2009 due to a scheduling conflict (doc. #15).

motion to compel was filed on June 9, 2009 within just weeks of NGPL's initial filing of the complaint. The Court does not find that Defendants has evinced a desire to litigate rather than arbitrate, nor has NGPL persuaded the court that it has been materially prejudiced by Defendants by the short delay in seeking arbitration.

## CONCLUSION

For the reasons set forth above, the Court will deny NGPL's motion to strike the amended answer and defendants' motion to dismiss or stay the proceedings and compel arbitration; the court will grant the Defendants' motion to dismiss and compel arbitration. Because the court is dismissing the action without prejudice and ordering the parties to arbitration, the Court will not rule upon the Plaintiff's motion to confirm right to condemn and for immediate possession.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 10th day of July, 2009.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

11