UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **NATURAL GAS PIPELINE COMPANY OF AMERICA, LLC** | : | **DOCKET NO. 09-00724** |
| **VS.** | : | **JUDGE TRIMBLE** |
| **3.39 ACRES OF LAND, MORE OR LESS IN CAMERON PARISH, LOUISIANA, ET AL** | : | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the Court is a "Motion for Further Relief Pursuant to 28 USC 1651" (doc. #53) filed by defendants, Enbridge Offshore Pipelines, LLC ("Enbridge") and Trancontinental Gas Pipelines Company, LLC ("Transco") wherein the movers seek to have this court issue an order pursuant to the All Writs Act which requires Natural Gas Pipeline Company of America, LLC ("NGPL") to amend its demand with the American Arbitration Association ("AAA") to remove any request for condemnation and to require that it request the arbitrator to decide which of the sites proposed by the parties to the agreement is the most reasonable in light of the evidence presented by the parties at the arbitration hearing.

## LAW AND ANALYSIS

On July 10, 2009 the undersigned dismissed without prejudice the instant declaratory action and ordered the parties to proceed with arbitration in accordance with the Interconnect Agreement.[1] On July 16, 2009, NGPL filed a notice of appeal as to that particular judgment.[2] NGPL did not

---

[1] Doc. #48.

[2] Doc. #49.

request that the judgment be stayed.

NGPL filed a demand with the AAA on August 6, 2009 entitled "Demand for Condemnation of Pipeline Right of Way Servitude" wherein it seeks to condemn under the Natural Gas Act ("NGA"),[3] certain leasehold interests in Cameron Parish, Louisiana, in which defendants, Transco and Enbridge claim an interest. Defendants complain that NGPL now seeks to condemn its unilaterally chosen location for the interconnect through the arbitration proceeding contrary to this Court's order. Defendants seek to have this Court issue an order which requires NGPL to amend its demand with the AAA to delete any request for relief pursuant to the NGA, and request a decision from the arbitrator establishing the most reasonable site for the interconnection.

Defendants maintain that even though the instant case has been dismissed, the Court retains jurisdiction to enforce its prior judgments notwithstanding the fact that a notice of appeal has been filed, citing *Plaquemines Parish Commission Council v. United States*,[4] and *Ross v. Marshall*.[5] In *Plaquemines*, the court held that although an appeal was pending from a desegregation order, the district court retained jurisdiction to enforce its prior orders.

In *Ross*, the district court issued an amended judgment against the defendant on August 20. On September 3, that defendant filed a notice of appeal and the insurer, not named or a party to the suit, filed a post-judgment answer, notice of appeal and a motion to intervene as of right based in part on the district court's finding and in part on its concern that the defendant would not appeal the judgment. On September 4, defendant filed a Rule 59(e) motion to amend judgment. On September

---

[3] 15 U.S.C. § 717f(h).

[4] 416 F.2d 952 (5th Cir. 1969).

[5] 426 F.3d 745 (5th Cir. 2005).

2

12, the district court denied the motion to intervene and struck the intervener's answer and notice of appeal. The intervener appealed arguing that the notice of appeal filed on September 3 was rendered ineffective by the filing of Defendant's Rule 59(e) motion to amend filed on September 4, and revived only when the district court entered its ruling denying the Rule 59(e) motion on September 15. The appellate court concluded that the district court had jurisdiction to deny the intervener's motion because the defendant timely filed his Rule 59 motion to alter or amend judgment, thus defendant's motion suspended the effectiveness of his earlier filed notice of appeal until September 15. In the *Ross* opinion, the court recited the general rule that "the filing of a valid notice of appeal from a final order of the district court divests that court of jurisdiction to act on the matters involved in the appeal, except to aid the appeal, correct clerical errors, or enforce its judgment *so long as the judgment has not been stayed* or superseded."[6] Defendants argue that because NGPL did not seek to have the judgment stayed when they filed the notice of appeal, the Court still has jurisdiction to entertain Defendants' motion for relief pursuant to 28 U.S.C. § 1651.

NGPL maintains that this Court no longer has jurisdiction to rule upon Defendants' motion citing *Green Tree Fin. Corp-Alabama v. Randolph*,[7] wherein the Unites States Supreme Court held that a District Court Order directing that a dispute be resolved by arbitration and dismissing with prejudice all other claims is a final decision with respect to an arbitration and leaves nothing more for the court to do but execute the judgment. NGPL also cites *Interactive Flight Technologies, Inc.*

---

[6] *Ross*, 426 F.3d at 751 citing *Avoyelles Sportsmen's League, Inc. v. Marsh*, 715 F.2d 897, 928 (5th Cir. 1983).

[7] 531 U.S. 79, 121 S.Ct. 513 (2000).

*v. Swissair Swiss Air Transport Co., Ltd.*,[8] which held that a district court order which dismissed an action without prejudice and ordered the parties to arbitrate was a final decision and that the dismissal was "without prejudice" only in the sense that the court intended to close the case without precluding the parties from bringing a new action after completing arbitration. Thus, NGPL argues that because this Court dismissed the action without prejudice and compelled the parties to arbitration, the Court has no jurisdiction to issue an order pursuant to the All Writs Act requiring that NGPL amend its demand with the AAA. Alternatively, NGPL maintains that its arbitration demand complies with the terms of the Interconnect Agreement. The cases cited by NGPL only decide when a judgment is final and appealable. They do not discuss nor decide whether or not this Court has jurisdiction pursuant to the All Writs Act to issue a writ necessary to protect its judgment.

The All Writs Act[9] permits courts to "issue all writs necessary or appropriate in aid of their jurisdictions and agreeable to the usages and principles of law." Unlike a traditional injunction, an injunction under the All Writs Act is not predicated on a cause of action.[10] Rather, the movant "must simply point to some ongoing proceeding, or some past order or judgment [of the court], the integrity of which is being threatened by someone else's action or behavior."[11] Although the All Writs Act does not independently confer subject-matter jurisdiction on federal courts, it does "authorize a federal court "to issue such commands. . . as may be necessary or appropriate to effectuate and prevent the frustration of orders it has previously issued in its exercise of jurisdiction otherwise

---

[8] 249 F.3d 1177 (9th Cir. 2001).

[9] 28 U.S.C. § 1651(a).

[10] *Klay v. United HealthGroup, Inc.*, 376 F.3d 1092, 1097 (11th Cir. 2004).

[11] *Id.*

obtained."[12] Hence, a district court may enjoin proceedings in a different forum when it "is seeking to protect the integrity or enforceability of an existing judgment or order."[13] We conclude that pursuant to the All Writs Act, we have the authority to protect the prior judgment rendered in this matter.

Thus, the Court must determine if the demands made by NGPL in the arbitration proceeding threaten this Court's prior judgment which compelled the parties to "proceed with arbitration in accordance with the Interconnect Agreement. . . ."[14] NGPL maintains that their demands comply with this Court's order. In their demand before the arbitrator, NGPL states that "[t]his is a demand by NGPL, pursuant to 15 U.S.C. § 717f(h), for the condemnation/expropriation of a natural gas pipeline right-of-way servitude across immovable property upon which Transco and Enbridge claim a leasehold interest."[15] However, the Interconnect Agreement states that prior to acquiring the site of the Interconnection, NGPL "shall obtain concurrence from Transco on the location. . ."[16] Any dispute arising under or related to the Interconnect Agreement, such as the site location of the Interconnect shall be resolved by dispute resolution,[17] or through arbitration.[18]

The demand made by NGPL in the arbitration proceeding is to condemn the site location, not

---

[12] *In re American Honda Motor Co. Inc., Dealerships Relations Litigation*, 315 F.3d 417 (4th Cir. 2003)(citations omitted).

[13] *Klay*, 376 F.3d at 1104.

[14] Judgment dated 7/10/2009, doc. #48.

[15] Demand for Condemnation of Pipeline Right-Of-Way Servitude, ¶ 4.

[16] Article I(B)(1) of Exhibit A to the Interconnect Agreement, Defendants' exhibit C.

[17] Article VIII(K) of the Interconnect Agreement, Defendants' exhibit C.

[18] Exhibit C of the Interconnect Agreement, Defendants' exhibit C.

to find the best location of the Interconnect in accordance with the Interconnect Agreement. In their demand, NGPL prays that "its right to condemn the Right-of-Way servitude ... be recognized and granted; . . ." and that "this tribunal [American Tribunal Association] determine the just compensation to be paid by NGPL to Enbridge and Transco for the Right-of-Way."[19]

The Court finds that the relief sought by NGPL to condemn the right-of-way servitude is not in accordance with this Court's Judgment ordering the parties to proceed with arbitration in accordance with the Interconnect Agreement, specifically, Article I(B)(1) of exhibit "A" attached to the Interconnect Agreement, Defendants' exhibit C.[20] Furthermore, should NGPL continue to pursue before the arbitrator its condemnation of the right-of way servitude and not proceed in accordance with the Interconnect Agreement as specified herein and in the prior Judgment of this Court rendered July 10, 2009,[21] the undersigned will consider contempt proceedings against NGPL.

## CONCLUSION

For the reasons set forth above, the Court will issue a writ enjoining NGPL from proceeding with condemnation proceeding before the American Arbitration Association and further order NGPL to amend its demand to proceed in accordance with the Interconnect Agreement..

---

[19] Demand for Condemnation of Pipeline Right-of-Way Servitude, ¶ 32.

[20] The Article provides the following pertinent language:

**B.  Operator's [NGPL] Facilities and responsibilities shall include, without limitation of the foregoing provisions of this Agreement, the following:**
  1.  Acquiring by fee or easement a mutually agreeable site, . . . for the Interconnection, . . . . Prior to acquiring the site, Operator shall obtain concurrence from Transco on the location and size of the proposed easement. . . .

[21] Doc. #48.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 8th day of October, 2009.

*signature*

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE